# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )  Case No. 10-01064 |
| | ) |
| **$11,491.00 IN U.S. CURRENCY,** | ) |
| | ) |
| **Defendant.** | ) |

## **ORDER**

  This matter is now before the Court on Plaintiff's Motion for Default Judgment. On March 16, 2010, Plaintiffs filed their Complaint seeking affirmative relief from the Defendant currency ("Defendant"), which the government has probable cause to believe was furnished or intended to be furnished in exchange for a controlled substance in violation of Title II of the Controlled Substances Act. 21 U.S.C. § 801 *et seq*. Pursuant to court order, Notice of Action and Seizure was published on the www.forfeiture.gov, which is maintained by the U.S. Department of Justice. The last date of publication was July 2, 2010. On June 2, 2010, a Notice of Action and Seizure, in addition to the Forfeiture Complaint, was mailed by certified mail to Joseph Villarreal ("Villarreal"), in care of attorney Jack Schwartz ("Schwartz"). This notice informed Villarreal and Schwartz that Claim and Answer must be filed with the Peoria Clerk's Office pursuant to 18 U.S.C. § 983(a)(4)(A), Supplemental Rule G(5)(a), and Federal Rule of Civil Procedure 12.

  While Villarreal filed an Answer on June 22, 2010, no required Claim has been filed with the Court. No other potential claimants have filed a Claim or an Answer seeking to defend Defendant currency. To the best of the government's knowledge, potential claimants are not infants, incompetent persons, nor in the military service and within the purview of the Soldiers

and Sailors Civil Relief Act of 1940.

Thus, pursuant to the Federal Rules of Civil Procedure, any potential claimants were required to answer or otherwise appear on or before August 19, 2010. However, to date, no appearance has been entered on behalf of any potential claimants. Plaintiff moved for Entry of Default pursuant to Federal Rule of Civil Procedure 55(a), the Court granted the motion, and default was entered by the Clerk of the Court on September 24, 2010. As no potential claimants have appeared in this lawsuit despite proof of proper publication and service, the Court finds it appropriate to grant the Motion for Default Judgment. The Court further finds that the Defendant property, an amount of $11,491 in U.S. Currency, is forfeited to the United States of America.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Default Judgment [#13] is GRANTED, and the Clerk of Court is directed to enter default judgment against Defendant $11,491.00 in U.S. Currency. The Defendant property is hereby forfeited to the United States of America, and no other right, title, or interest shall exist therein.

ENTERED this  29th  day of October, 2010.

    /s Michael M. Mihm
Michael M. Mihm
United States District Judge